

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-81,252-02

### EX PARTE BILLY LEE PAGE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 26545-A IN THE THIRD DISTRICT COURT
### FROM ANDERSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to twenty years' imprisonment.

Applicant contends that his counsel rendered ineffective assistance because counsel failed to timely file a notice of appeal from the sentencing of his adjudication of guilt in March of 2005.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed.

As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

This Court has previously remanded this case twice. Our last order, dated December 17, 2014, ordered the trial court to obtain a response from counsel regarding Applicant's claim of ineffective assistance of counsel. That order also stated that the trial court was to inform this Court of the efforts it made to obtain a response from counsel and the results of every such effort if counsel refused to respond. We have received no such response and there is no indication in the record that counsel was ever asked to respond to Applicant's claims.

It appears that Applicant is now represented by counsel. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant timely informed the trial court or counsel of his desire to appeal the sentencing from his adjudication of guilt hearing. The trial court shall also make findings as to why Applicant waited over nine years to present this claim to this Court. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief. If the trial court again fails to obtain a response from counsel or fails to make the findings ordered by this Court, a show cause order to determine why the trial court has refused to comply with this Court's orders may issue.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 30 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 45 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: May 13, 2015
Do not publish